

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,576-02

**EX PARTE DEMPSTER A. ROSS, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. W416-80539-2104-HC IN THE 416TH DISTRICT COURT
## FROM COLLINS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of arson and sentenced to fifteen years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Ross v. State*, 05-14-01184-CR (Tex. App.—Dallas Jan. 13, 2016) (not designated for publication).

Applicant contends, among other things, that trial counsel failed to request or object to the omission of an accomplice-witness instruction. The trial court made findings of fact and conclusions of law and recommended that we deny relief. We believe that the trial court's findings and conclusions are not sufficient to resolve Applicant's claim.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings and conclusions as to whether Alisa Crouch was an accomplice and what evidence, if any, corroborated her testimony and tended to connect Applicant to the arson. *See* TEX. CODE CRIM. PROC. art. 38.14. The trial court shall also make further findings and conclusions as to whether counsel's conduct was deficient and Applicant was prejudiced. The trial court shall also make any other findings and conclusions that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: June 20, 2018

Do not publish.